```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

EDWARD FLYNN                      *

         Plaintiff                *

         vs.                      *    CIVIL ACTION NO. MJG-13-3321

SPECIAL RESPONSE CORPORATION      *
and TEAMWORKS USA, INC.
                                  *
         Defendants
*   *   *   *   *   *   *   *   *
```

MEMORANDUM AND ORDER RE: DISMISSAL

The Court has before it Defendants Special Response Corporation and Teamworks USA, Inc.'s Motion to Dismiss the Second Amended Complaint or, in the Alternative, Motion for Summary Judgment [Document 30], and the materials submitted relating thereto. The Court finds a hearing unnecessary.

I.  BACKGROUND[1]

At all times relevant hereto, Defendants Special Response Corporation and Teamworks USA, Inc. (collectively, "Special Response") have "provide[d] security services throughout the United States and its territories for work stoppages, natural disasters, and other needs." Second Am. Compl. ("SAC") ¶ 8.

Plaintiff Edward Flynn ("Flynn") was employed by Special Response as a "Tactical Officer" beginning in March 2007. Id. ¶

---

[1] The "facts" herein are as alleged by Plaintiff and are not necessarily agreed upon by Defendants.

5. During the course of his employment, "[Flynn] and other similarly situated employees regularly were required to travel by plane to various job sites."[2]  Id. ¶ 17.

"[I]n or about April of 2012," Flynn travelled from his home in Pennsylvania to the Virgin Islands for a job assignment. Special Response paid Flynn compensation for six hours of the time spent travelling to the new work location.  Flynn contends that he was entitled to be paid for more than six hours.

Flynn filed the Collective Action Complaint [Document 1] and then substituted the Plaintiff's First Amended Collective Action Complaint [Document 17].  By the Order Dismissing Amended Complaint [Document 25], the Court dismissed Plaintiff's First Amended Collective Action Complaint.  The Court provided, however:

> By April 30, 2014, Plaintiff may file a Second Amended Complaint that clearly and unambiguously alleges all facts necessary to present a specific plausible claim.

Id. ¶ 3.

Flynn then filed Plaintiff's Second Amended Collective Action Complaint ("SAC") [Document 29].  Flynn claimed that Special Response violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., by failing to compensate him

---

[2]  Special Response employees are not rehired at each new job site and are not required to reapply for each new assignment. Second Am. Compl. ¶ 24.

for his travel time.  He filed suit on behalf of himself and a class of "all non-exempt hourly-paid employees of Defendants who worked for Defendants and were not compensated for time spent traveling to Defendant's job sites."  SAC ¶ 28.

By the instant Motion, Special Response seeks dismissal of all claims in the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]


II.  DISMISSAL STANDARD

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted).  When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff.  However, conclusory statements or "a formulaic recitation of the elements of a cause of action will not

---

[3]   All "Rule" references herein are to the Federal Rules of Civil Procedure.  Special Response alternatively moves for summary judgment.  However, the granting of dismissal moots the summary judgment motion.

3

[suffice]." Id.  A complaint must allege sufficient facts "to cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Twombly, 550 U.S. at 557).  Thus, if "the well-pleaded facts [contained within a complaint] do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (alteration in original)).

III. DISCUSSION

    A.   Travel Time Under the FLSA

"The FLSA was enacted to protect 'the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others.'" Ross v. Wolf Fire Prot., Inc., 799 F. Supp. 2d 518, 522 (D. Md. 2011) (quoting Benshoff v. City of Virginia Beach, 180 F.3d 136, 140 (4th Cir. 1999)).  "The Portal-to-Portal Act of 1947, 29 U.S.C. §§ 251-262, . . . amended the FLSA, [and] exempts from compensation certain activities that had been treated as compensable work."

4

Id. Under the Portal-to-Portal Act, "traveltime at the commencement or cessation of the workday . . . need not be counted as working time unless it is compensable by contract, custom or practice." 29 C.F.R. § 785.34. The regulations applicable to the Portal-to-Portal Act state that:

> Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly work time when it cuts across the employee's workday. . . . The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days. Thus, if an employee regularly works from 9 a.m. to 5 p.m. from Monday through Friday the travel time during these hours is work time on Saturday and Sunday as well as on the other days. . . . As an enforcement policy the Divisions <u>will not consider as worktime that time spent in travel away from home outside of regular working hours as a passenger on an airplane</u>, train, boat, bus, or automobile.

29 C.F.R. § 785.39 (emphasis added).

   B.   Flynn's Travel

In allowing Flynn to file the SAC, the Court stated that Flynn was required to "clearly and unambiguously allege[] all facts necessary to present a plausible claim," specifically, facts "as to any travel for which there was allegedly inadequate payment and the facts upon which a claim of entitlement for the additional payment is based." See [Document 25].

5

Flynn's claim is based upon his travel, "in or about April of 2012," from his home in Pennsylvania to the Virgin Islands for a job assignment. SAC ¶ 19. The Court will assume, without finding,[4] that Flynn can be considered an employee of Special Response at the time of the travel at issue. The specific factual allegations (as distinct from conclusory contentions) made by Flynn are that:

- He travelled over two hours by car to get to the Pittsburgh airport;

- "[O]ne or more layovers in airports were necessary;"

- "The time spent traveling exceeded ten hours;"

- Flynn's working hours during his job assignment in the Virgin Islands were from 6:00 PM to 6:00 AM; and

- Flynn's working hours for his previous assignment in Wisconsin were from 6:00 AM to 6:00 PM.

Id. ¶¶ 19, 21, 22.

However, the SAC presents no allegation regarding the time between the conclusion of the Wisconsin assignment and the travel at issue.

---

[4] The parties dispute whether Flynn was an "employee" of Special Response as that term is used in the FLSA at the time he travelled to the Virgin Islands. However, the Court need not reach that issue in light of its finding based upon the travel allegations.

6

The SAC is devoid of any factual allegations regarding the day of the week or time of day when Flynn commenced the travel and when he concluded the travel.  From the factual allegations in the SAC, there is no plausible claim that the hours of travel that cut across Flynn's workday exceeded six hours, the amount of travel time for which Flynn was paid.

Flynn presents no more than a conclusory contention of a right to additional compensation based, somehow, upon 29 C.F.R. § 785.39.  "While a court must accept the material facts alleged in the complaint as true, statements of bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim."  Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011) (citations omitted).

The Court finds that the SAC fails to present a plausible claim that Special Response violated the FLSA.

By virtue of the grant of dismissal, the Court will not consider the alternative motion for summary judgment.

IV.  CONCLUSION

For the foregoing reasons:

1. Defendants Special Response Corporation and Teamworks USA, Inc.'s Motion to Dismiss the Second Amended Complaint [Document 30] is GRANTED IN PART.

    a. The Second Amended Complaint is dismissed.

    b. Summary judgment is DENIED AS MOOT.

2. Judgment shall be entered by separate Order.

SO ORDERED, on Tuesday, October 07, 2014.

                                                    /s/
                                      Marvin J. Garbis
                             United States District Judge